UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| TOM NEBEL, P.C., | ) | NO. 307-02848 |
| | ) | |
| Debtor. | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| EVA M. LEMEH, TRUSTEE, | ) | ADV. NO. 307-0204A |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CRISTI SCOTT, solely as Clerk and | ) | |
| Master of the Chancery Court for | ) | |
| Davidson County, Tennessee, Twentieth | ) | |
| Judicial District; UNITED STATES, | ) | |
| INTERNAL REVENUE SERVICE; | ) | |
| KRISTIN TERRY COODE; JAN M. | ) | |
| CROWELL; JEFFREY F. CROWELL; | ) | |
| JOANNE M. CROWELL; JOSEPH P. | ) | |
| CROWELL; JUDE CROWELL; JULIE | ) | |
| A. CROWELL; JILL C. FICHTEL; | ) | |
| MAUREEN M. FOY; GRAHAM P. | ) | |
| McREDMOND; PATRICK J. | ) | |
| McREDMOND JR.; PARTRICK J. | ) | |
| McREDMOND JR. and EVELYN M. | ) | |
| ROGERS, executors of the estate of | ) | |
| Patrick J. McRemond Sr.; PAUL A. | ) | |
| McREDMOND; CAROLE M. NADLER; | ) | |
| SAMUEL N. NADLER; RACHEL M. | ) | |
| NADLER; SARAH NADLER; SHARON | ) | |
| PIGOTT; JENNIFER M. RAGSDALE; | ) | |
| MIKE A. TERRY; MONICA | ) | |
| McREDMOND TERRY; PATRICK W. | ) | |
| TERRY; ROBERT J. TERRY; and | ) | |
| WILLIAM TERRY JR., | ) | |
| | ) | |

**Defendants.**                                    )
_____

**MEMORANDUM OPINION**
_____

This matter is before the Court upon the motion of certain defendants requesting an order to abstain from hearing this matter to the limited extent necessary to permit the Chancery Court of Davidson County, Tennessee, to hear and determine certain motions filed by these defendants as plaintiffs in the Derivative Suit before the commencement of the debtor's bankruptcy case. The Trustee opposes the motion. For the following reasons, the Court finds that the motion for partial abstention should be denied.

## I. PROCEDURAL BACKGROUND

These certain defendants, all shareholders, were represented by the debtor in a shareholder derivative suit in the Chancery Court of Davidson County, Tennessee. The suit was tried before a jury, resulting in a judgment of $6,918,252, plus post-judgment interest at a rate of 10% per annum from July 14, 2003, until paid in full. Pursuant to post-trial motions to recover attorney fees, the Chancery Court entered an order, dated June 1, 2004, which awarded attorney fees and costs utilizing the common fund doctrine. In the order, the Chancery Court awarded "$1,967,078.33 to The Law Offices of Tom Nebel as recovery on its attorneys fee application in this case." The defendants in the Chancery Court action appealed the judgment and the award of attorney fees, posting a cash bond with the Clerk

and Master in the amount of $2,993,754.82. Following the appeal process, the shareholders filed a motion in Chancery Court requesting the entry of an order:

> (i) modifying the Fee Order to increase the award of costs and expenses to $238,037.80; (ii) specifying that the award of costs and expenses, as modified, and the award of attorneys fees to the extent of $340,328.56, plus interest attributable to said sums, equitably belong to the [shareholders]; (iii) directing the Clerk and Master to disburse to the [shareholders] the aforesaid sum of $578,366.36, plus interest thereon from July 14, 2003, from the funds now remaining on deposit with the Clerk & Master in this cause; and (iv) granting Movants such other and further relief to which they may show themselves to be entitled.

Prior to this motion being heard, the debtor filed its petition for bankruptcy protection. Thereafter, the Trustee filed this adversary, seeking the turnover of the funds held by the Clerk & Master as property of the estate, and a second adversary seeking to avoid a 2003 agreement between the defendants and the debtor as fraudulent pursuant to 11 U.S.C. § 544 and T.C.A. §§ 66-3-305 and -306.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1334(c)(1), this Court may exercise its discretion in determining whether to abstain from hearing a matter that is properly before it. Section 1334(c)(1) states that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related

3 - U.S. Bankruptcy Court, M.D. Tenn.

to a case under title 11." In determining whether abstention is appropriate, courts consider the following factors:

> '(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.'

**Refrigerant Reclamation Corp. of Am. v. Todack (In re Refrigerant Reclamation Corp. of Am.)**, 186 B.R. 78, 84 (Bankr. M.D. Tenn. 1995) (citations omitted). *See also* **Beneficial Nat'l Bank USA v. Best Receptions Sys., Inc. (In re Best Receptions Sys., Inc.)**, 220 B.R. 932, 953 (Bankr. E.D. Tenn. 1998).

Application of these factors does not weigh in favor of abstention. First, regardless of how it is characterized, the issue to be decided is whether the funds held by the Clerk and Master are property of the bankruptcy estate, which is a question of bankruptcy law. *See* 11 U.S.C. § 541. It would not be an efficient administration of this case to delegate such a fundamental bankruptcy issue to the Chancery Court.

Second, state law issues do not predominate over the bankruptcy issues. While state law should be considered, the fundamental issue is whether the funds are part of the bankruptcy estate, along with the nature of the parties' respective claims to property as owners, secured creditors, beneficiaries, or otherwise. These are federal questions that are routinely decided by bankruptcy courts.

Third, there are no extraordinary or unsettled state law issues here.

Fourth, while there is a related pending proceeding in Chancery Court, this is not the usual case presented for abstention under such circumstances. The Chancery Court has already awarded the fees in question to The Law Offices of Tom Nebel, and its decision was affirmed by the Tennessee Court of Appeals. Following the appeal process, the shareholders in the present case filed post-judgment motions in the Chancery Court asking the Chancellor to modify the fee order to address a question the Chancery Court did not consider but which somehow survived the previous appeal. Thus, under the shareholders' theory of the case, this is in essence a new claim, one over which the Chancery Court has no inherent advantage or superior ability to decide. The pendency of the lawsuit in Chancery Court is accordingly of little consequence to the abstention analysis.

Fifth, this Court's jurisdiction is based on matters that "arise under" Title 11.

Sixth, this matter is integral to the debtor's estate, as the funds in question appear to be the only significant estate asset.

Seventh, these proceedings are "core" in substance. Adjudicating what is property of the estate and the nature of the claims to that property, especially where the property is likely the only asset of the estate, is the primary purpose of the Bankruptcy Code.

Eighth, the state law claims cannot be severed from the core bankruptcy matters because it all stems from the question of what is property of the estate and who has claims to it. Clearly, the characterization of the defendants' interests is an inseparable part of this adjudication.

Ninth, adjudicating this adversary would not burden this Court's docket.

Tenth, this is not a case involving forum shopping. Under bankruptcy law, Chapter 7 Trustees recover estate property through the bringing of an adversary proceeding, as was done here.

Eleventh, there do not appear to be any jury trial issues. This factor does not apply.

Twelfth, the involvement of non-debtor parties is not a significant factor in this case.

## III. CONCLUSION

Having considered the relevant factors, the Court finds that permissive abstention is not proper. The Chancery Court awarded attorney fees to the debtor, and the defendants' pending motion in the Chancery Court is not asking for reconsideration of that award. Instead, the defendants wish to ask the Chancery Court to rule on the ownership and/or claims on the funds held by the Clerk and Master. In other words, the defendants are trying to litigate a previously unlitigated, albeit related, issue, and the issue (whether the funds are property of the estate) is one that this Court routinely decides.

Accordingly, the Court finds that the defendants' motion for partial abstention should be denied.

The Trustee shall prepare and submit an Order consistent with this Memorandum Opinion. The Trustee shall also prepare and submit Orders rescheduling the pre-trial conference in the above-styled case and in the related adversary case.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

7 - U.S. Bankruptcy Court, M.D. Tenn.